USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/14/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUCHARIA ENECHI,

        Plaintiff,

-against-

CITY OF NEW YORK, et al.,

        Defendants.

20-CV-08911 (AT) (BCM)

**ORDER REGARDING GENERAL PRETRIAL MANAGEMENT**

**BARBARA MOSES, United States Magistrate Judge.**

    The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). All pretrial motions and applications, including those related to scheduling and discovery must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

    On January 3, 2022 (which was the last day of the fact discovery period, *see* Dkt. No. 61), the parties wrote to the Court concerning a discovery dispute. Plaintiff sought to challenge defendants' assertion of privilege over "several emails" and asked the Court to "review them in camera and order their production." Joint Ltr. (Dkt. No. 62) at 1. However, plaintiff neither identified (*e.g.*, by Bates number or by "Privilege Log ID" number) nor described the "several" emails that remain in contention. Defendants, for their part, described the disputed documents as "four email chains" produced in redacted form, and went on the describe those emails in some detail. *Id*. at 4-5. However, they too failed to identify the documents by Bates number or correlate them to any privilege log entry. Moreover, although the six-page letter was followed by 45 pages of attachments (including a complete copy of defendants' *original* 18-page privilege log, which according to plaintiff is now largely obsolete, and dozens of pages of attorney correspondence largely devoted to other disputes), neither party provided the Court with copies

of the actual emails in contention (as produced in redacted form). Muddying the waters further, plaintiff asserted that defendants "have yet to produce all promised unredacted emails." Joint Ltr. at 5. She then requested a further extension of the fact discovery deadline to February 2, 2022, "so that Defendants will fully comply." *Id*. at 6. Defendants consent to the extension. *Id*.

On January 13, 2022, plaintiff notified the Court that defendants "produced their promised production containing ESI they had agreed to partially or fully unredact." Pl. Ltr. (Dkt. No. 66) at 1. However, according to plaintiff, defendants are "still redacting several emails concerning discussions about Plaintiff's disabilities and potential discrimination being committed and contemplated against her." *Id*. Additionally, plaintiff writes, the newly unredacted emails should have never been redacted in the first place, and the excessive redactions "impeded proper examination of the witnesses at depositions." *Id*. Plaintiff asks that the Court "grant Plaintiff's request for production of still-unredacted copies of ESI submitted for in camera review and extend the discovery deadline by a further 30 days to permit Plaintiff to re-depose certain witnesses based on the newly unredacted emails." *Id*. at 2. Once again, plaintiff has failed to submit any of the contested emails (whether newly-produced or still in redacted form) and has failed to identify them Bates numbers or correlate them to any privilege log entry.

In the event of future discovery disputes, the Court expects the parties to be more helpful.

It is hereby ORDERED that the Court will conduct a telephonic discovery conference on **January 20, 2022, at 12:00 noon.** The parties are directed to call (888) 557-8511 and enter the access code 7746387 a few minutes before the scheduled time. In advance of the conference, and no later than **January 18, 2022** the parties shall submit a supplemental joint letter in which (a) defendants confirm that they have produced "all promised unredacted emails"; and (b) plaintiff identifies, with precision, each remaining document which is still, in plaintiff's view, either improperly withheld or improperly redacted for privilege. If a disputed document has been

produced in redacted form, a copy shall be attached to the letter. If a disputed document has been withheld entirely, the relevant privilege log entry shall be attached to the letter. Please do not attach either documents or privilege log entries not in dispute. Please do not present additional argument. The Court will address the extension issue at the conference.

Going forward, the parties are cautioned:

1. All discovery must be initiated in time to be concluded by the close of the relevant discovery period as set by the Court.

2. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless a party requests or the Court requires more formal briefing.

3. For motions other than discovery motions, pre-motion conferences are not required, but may be requested where counsel believe that an informal conference with the Court may obviate the need for a motion or narrow the issues.

4. Requests to adjourn a court conference or other court proceeding (including a telephonic court conference) or to extend a deadline must be made in writing and in compliance with § 2(a) of Judge Moses's Individual Practices. Telephone requests for adjournments or extensions will not be entertained.

5. In accordance with § 1(d) of Judge Moses's Individual Practices, letters and letter-motions are limited to four pages, exclusive of attachments.

Dated: New York, New York
      January 14, 2022

**SO ORDERED**.

*[signature]*

**BARBARA MOSES**
**United States Magistrate Judge**