

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUCHARIA ENECHI,

        Plaintiff,

-against-

CITY OF NEW YORK, et al.,

        Defendants.

20-CV-08911 (AT) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has carefully reviewed the four emails or email strings that defendants withheld from discovery on attorney-client privilege grounds, attached to the parties January 18, 2022 Joint Letter (Dkt. No. 68) as Exhibits 1-4, and submitted for *in camera* review in accordance with my Order dated January 20, 2022 (Dkt. No. 69.)

    Under federal common law (which governs privilege issues in federal question cases, *see* Fed. R. Evid. 501) the elements of the attorney-client privilege are as follows:

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*United States v. United Shoe Mach. Corp.,* 89 F. Supp. 357, 358-59 (D. Mass. 1950); *accord Obeid v. Mack*, 2016 WL 7176653, at *3 (S.D.N.Y. Dec. 9, 2016); *Gucci Am., Inc. v. Guess?, Inc.*, 2011 WL 9375, at *1 (S.D.N.Y. Jan. 3, 2011); *S.E.C. v. Beacon Hill Asset Mgmt. LLC*, 231 F.R.D. 134, 138 (S.D.N.Y. 2004) (all quoting *United Shoe*, 89 F. Supp. at 358-59). The purpose of the attorney-client privilege is to "promot[e] full and frank communications between attorneys and their clients . . . thereby encourag[ing] observance of the law and aid[ing] in the administration of

justice." *Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 348 (1985); *see also Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) ("[t]he privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client"). Thus, the privilege protects "not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn,* 449 U.S. at 390); *accord*, *Hollis v. O'Driscoll*, 2013 WL 2896860, at *2 (S.D.N.Y. June 11, 2013).[11]

With these principles in mind, I have reached the following conclusions:

**Exhibit 1**

Defendants withheld a series of emails dated July 14, 2020, from 10:43 a.m. to 9:49 p.m., between in-house attorney Maria Cipollone-Lynch of the Office of General Counsel of the New York City Administration for Children's Services (ACS), on the one hand, and ACS employees Marsha Kellam (Assistant Commissioner) and Carl Anderson (Deputy Director of Administration), on the other hand, with cc's to certain other ACS employees. The header information concerning these emails ("From," "Sent," "To," "Cc," "Subject") is not privileged and should be produced. The body of each email was properly withheld as privileged and may be redacted, with the following exceptions, which may not be redacted:

---

[11] Similarly, "[t]he elements of the attorney-client privilege under New York law are the existence of an attorney-client relationship, a communication made within the context of that relationship for the purpose of obtaining legal advice, and the intended and actual confidentiality of that communication." *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 264 (S.D.N.Y. 1995) (citing *People v. Osorio,* 75 N.Y.2d 80, 84, 550 N.Y.S.2d 612, 614-15 (1989)); *see also* N.Y. C.P.L.R. § 4503(a)(1) (the attorney-client privilege protects "evidence of a confidential communication made between the attorney or his or her employee and the client in the course of professional employment"). The purpose of the privilege "is to ensure that one seeking legal advice will be able to confide fully and freely in his attorney, secure in the knowledge that his confidence will not later be revealed to the public to his detriment or his embarrassment." *People v. Mitchell*, 58 N.Y.2d 368, 373, 448 N.E.2d 121, 123 (1983).

(1)     In the 10:43 a.m. email, the words, **Good morning.  I am working on a matter involving Ms. Enechi**, and **Thank you, Maria**[.]

(2)     In the 12:06 p.m. email, the words, **Good day Maria**, and **Thank you**[.]

(3)     In the 1:02 p.m. email, the words, **Good Afternoon.  Thank you Marsha and Team for providing this information**, and, **Thanks again and enjoy the weekend!**

(4)     In the 9:49 p.m. email, the words**, Good evening.  Sorry to bother you all about this again**, and **Thank you, Maria**[.]

### Exhibit 2

Defendants withheld a series of emails dated July 9, 2019, from 1:03 p.m. to 2:25 p.m., between Kellam and attorney Lee Gordon of the Employment Law Unit in the ACS Office of General Counsel, with cc's to certain other ACS employees. Once again, the header information concerning these emails is not privileged and should be produced. The body of each email was properly withheld as privileged and may be redacted, with the exception of attorney Gordon's email signature block and "Confidentiality Notice," which may not be redacted.

### Exhibit 3

Defendants withheld an email dated December 31, 2017, at 12:18 p.m., from attorney Jodi Savage, the ACS Director of Equal Employment, to ACS employees Faustina Haynes, Joycelyn Jean-Philippe, and Eric Ambrose, with cc's to certain other ACS employees. The header information has already been produced. The body of the email was properly withheld as privileged and may be redacted, with the exception of the words, **Good afternoon**, and attorney Savage's email signature block, which may not be redacted.

### Exhibit 4

Defendants withheld a series of mails dated October 5, 2016 at 4:52 p.m. through October

7, 2016 at 12:26 p.m. from Kellam, Savage, attorney Susan Starker of the Employment Law Unit in the ACS Office of General Counsel, and Rosella Abbate, a legal assistant in the Office of the General Counsel, with cc's to certain other ACS employees. The header information has already been produced. The body of each email was properly withheld as privileged and may be redacted except for the October 7, 11:49 a.m. email, which is not privileged and must be produced. Additionally, the senders' email signature blocks, attorney Starker's Confidentiality Notice, and the following words may not be redacted:

(1) From the October 5, 4:52 email, the words, ***Marsha and Jodi, please see the attached referral from DOI***, and ***It raises several concerns which you should look into.***

(2) From the October 6, 9:58 a.m. email, the words, ***Good Morning Susan***, and ***Thanks!***

(3) From the October 6, 1:47 p.m. email, the word, ***Thanks***.

It is hereby ORDERED that defendants shall produce the contested emails, with the limited redactions described above, no later than **January 31, 2022**.

It is further ORDERED that the fact discovery deadline is EXTENDED to **February 28, 2022**, for the limited purpose of permitting plaintiff to reopen the depositions of no more than three witnesses, for no longer than one half-day (3-1/2 hours) apiece, for the limited purpose of questioning them about documents that were still withheld on privilege grounds when they were originally examined at deposition. The expert discovery deadline is EXTENDED to **April 11, 2022**.

It is further ORDERED that the next status conference will take place on **February 24, 2022 at 10:00 am** by telephone. The parties are directed to call (888) 557-8511 and enter the access code 7746387 a few minutes before the scheduled time. In advance of the conference, and

no later than **February 17, 2022**, the parties shall submit a joint status letter updating the Court on the progress of discovery and any settlement efforts.

Dated: New York, New York
January 26, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**