USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/2022

# MADUEGBUNA COOPER

**ATTORNEYS AT LAW**
**30 WALL STREET**
**8TH FLOOR**
**NEW YORK, NEW YORK 10005**
**(212) 232-0155**
**FAX: (212) 232-0156**
**www.mcande.com**

August 8, 2022

**VIA ELECTRONIC CASE FILING**
The Honorable Analisa Torres
United States District Judge
500 Pearl Street
New York, NY 10007-1312

          **Re:**    *Eucharia Enechi v. City of New York, et al.*
                 **Docket No.: 20-cv-08911(AT)**

Dear Judge Torres:

      We represent Plaintiff Eucharia Enechi in the above-referenced matter. On August 3, 2022, pursuant to the Court's July 20 Order (Dkt. #89), counsel produced Defendants Proposed Local Rule 56.1 Statement of Undisputed Material Facts ("Defendants' 56.1 Statement").

      Defendants 56.1 Statement is 486 paragraphs and 56 pages. We believe this violates Local Civil Rule 56.1(a)'s direction that such statements be "short and concise." Defendants dispute that their 56.1 statement violates Local Rule 56.1(a). We immediately contacted counsel for Defendants to attempt to reach an agreement. After conferring with Defendants, they have agreed to jointly request an extension until August 19, 2022 for Defendants to re-file a shorter Rule 56.1 Statement.

      Plaintiff believes this request for a shorter statement is justified. The purpose of a Rule 56.1 Statement is to "streamline consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001). Courts have noted that lengthy Rule 56.1 Statements violate local rules and suggest that a summary judgment motion lacks merits. *AMCO Ins. Co. v. CoBank*, 2021 WL 4197344 at *4 (S.D.N.Y. Sept. 14, 2021) (noting that a 413-paragraph Rule 56.1 statement "may itself be violative of the requirement that a Local Rule 56.1(a) Statement be 'short and concise.'"); *Pal v. New York U.*, 2010 WL 289305 at *1 (S.D.N.Y. Jan. 25, 2010), *aff'd*, 583 F. App'x. 7 (2d Cir. 2014) (commenting that defendant's 85 page, 315 paragraph statement of material facts in an employment case "is neither short nor concise… NYU's inability to set forth a concise statement of the allegedly undisputed material facts presages the Court's denial of its motion for summary judgment on liability."); *Hall v. N. Bellmore Sch. Dist.*, 55 F.Supp.3d 286, 289 (E.D.N.Y. 2014) (finding that a "193-paragraph Local Rule 56.1 statement

# MADUEGBUNA COOPER LLP

*Eucharia Enechi v. City of New York, et al.*
August 8, 2022
Page 2 of 2

of facts… is not only wildly disproportionate to the issues presented in this case, but, if anything, belies its summary judgment-worthy nature.").

As a result, the parties request that the Court permit Defendants to reduce the paragraphs in their Rule 56.1 Statement to be filed by August 19, 2022. Should the Court not grant this joint request, we ask that considering the extraordinary length of the Defendants' 56.1 Statement, Plaintiff be given an additional 14 days, until August 31, 2022, to respond, with a corresponding extension to September 7 for Defendants to file their pre-motion letter.

We thank the Court for its attention to this matter.

Respectfully Submitted,

*/s/ Samuel O. Maduegbuna*

Samuel O. Maduegbuna

cc:   Edwar Estrada, Esq.
      *Attorney for Defendants*

GRANTED.  By **August 19, 2022**, Defendants shall serve a revised 56.1 Statement.  By **August 31, 2022**, Plaintiff shall serve her 56.1 Statement.  By **September 7, 2022**, Defendants shall file their pre-motion letter.

SO ORDERED.

Dated: August 17, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge