UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EUCHARIA ENECHI,

                                      Plaintiff,

                  -v-

THE CITY OF NEW YORK, *et al.*,

                                  Defendants.

20 Civ. 8911 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received letters from counsel on the pending motion to compel filed by plaintiff Euchari Enechi ("Enechi"). Dkts. 126 ("Pl. Br."), 127 ("Def. Br."). The dispute arises out of the refusal of defendants (together, "the City") to respond to Enechi's recently served interrogatories relating to punitive damages. Dkt. 126, Ex. 1 (interrogatories).

The Court denies the motion to compel. As the City argues, Enechi's interrogatories are patently untimely. Def. Br. at 2–3. The interrogatories at issue were served on November 6, 2023. Dkt. 126, Ex. 2 at 5. Discovery in this case closed on May 13, 2022—more than a year and a half ago. Dkt. 86 (final extension of discovery). Indeed, under the parties' initial case management plan, interrogatories were supposed to have been served by June 25, 2021, Dkt. 42, a deadline that was pushed back on four separate occasions, Dkts. 47, 50, 61, 86. The time for interrogatories (and, indeed, for all party discovery) has come and passed.

In practice, if not in name, Enechi seeks to reopen discovery. But "[r]eopening discovery should only be permitted for good cause and with this Court's consent." *United States v. Prevezon Holdings, Ltd.*, 236 F. Supp. 3d 871, 873 (S.D.N.Y. 2017) (citing Fed. R. Civ. P. 16(b)(4)). Enechi fails even to note the untimeliness of her interrogatories, let alone engage with

the factors that courts in this District consider upon an application to reopen discovery. *See, e.g., Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) ("(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence"). For that reason alone, her motion must be denied.

Enechi's argument as to bifurcation carries no weight. To be sure, Enechi is correct that "multiple courts in this Circuit have bifurcated discovery related to punitive damages and deferred it until later in the litigation." Pl. Br. at 2–3 (quoting *Stidhum v. 161-10 Hillside Auto Ave, LLC*, No. 21 Civ. 7163 (HG), 2022 WL 17852023, at *2 (E.D.N.Y. Dec. 22, 2022)). But no such bifurcation was agreed to (or requested) in this case. In each case Enechi cites in her letter brief, the plaintiff sought the relevant information *before* discovery closed. *See Pasternak v. Dow Kim*, 275 F.R.D. 461, 462 (S.D.N.Y. 2011) (declining to compel responses to questions posed in defendant's deposition without prejudice to renewal after summary judgment); *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 Civ. 1608 (RJH) (JCF), 2010 WL 1327921, at *16 (S.D.N.Y. Apr. 5, 2010) (same, except with document requests); *Uebelacker v. Paula Allen Holdings, Inc.*, No. 06 Civ. 316 (SLC), 2006 WL 6021169, at *1 (W.D. Wis. Jan. 3, 2006) (same). The Court would thus be presented with a different question had Enechi sought the relevant information at the appropriate juncture (that is, during the parties' prolonged discovery period). But she did not. The Court thus has no warrant to compel the City to respond to her untimely request.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: December 13, 2023
 New York, New York